UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANETTE K. DAVIS,

       Plaintiff,

                              CASE NO.  4:13-CV-11737
                              JUDGE MARK A. GOLDSMITH
                              MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

PNC MORTGAGE,
a division of PNC BANK, N.A.,

       Defendant.

_____/

**ORDER DEEMING RESOLVED IN PART PNC'S AUGUST 30, 2013 MOTION FOR ORDER PROHIBITING PLAINTIFF FORM SUPPORTING CLAIMS, OR, IN THE ALTERNATIVE, COMPELLING PRODUCTION OF DOCUMENT (Doc. Ent. 13) and HOLDING IN ABEYANCE PLAINTIFF'S AUGUST 30, 2013 MOTION TO COMPEL DISCOVERY (Doc. Ent. 15)**

**A.  There Are Two (2) Non-Dispositive Motions Pending before the Court.**

**1.** Judge Goldsmith has referred this case to me for pretrial matters.  Doc. Ent. 8.  Currently before the Court is PNC's August 30, 2013 motion for order prohibiting plaintiff from supporting claims, or, in the alternative, compelling production of document.  Doc. Ent. 13. Here, PNC notes that Davis "made repeated references to her credit in her Complaint[.]"  *See, i.e.,* Doc. Ent. 1-1 at 3 ¶ B, at 4 ¶¶ A-B, at 5 ¶ B; Doc. Ent. 13 at 7.  By its motion, PNC moves for entry of an order prohibiting plaintiff "from supporting her allegations that she was unable to obtain credit and/or unable to obtain favorable credit terms."  Alternatively, PNC requests that the Court either (1) compel plaintiff to produce a copy of her credit report or (2) require Equifax, TransUnion, Experian and Innovis to produce consumer credit reports for plaintiff.  *See* Doc. Ent. 13 at 1-2.

At issue is PNC's Request for Production No. 7, which sought "a current copy of Your Equifax, Experian, or TransUnion credit report." Doc. Ent. 13-2 at 11. Within her answer to *Interrogatory No. 7*, plaintiff objected "to providing a copy of her credit report since the Plaintiff did not state anywhere she bought the vehicle[.] [I]n fact she did not take that deal because of the outrageous terms. It is out of scope in the context that the Plaintiff attempted to purchase a new vehicle but did not because of the terms were outrageous." Doc. Ent. 13-3 at 9 ¶ H.[1]

On September 12, 2013, plaintiff filed a response. Doc. Ent. 16. Among other things, plaintiff states that the denial letters[2] "state exactly why the Parent Plus Loans were denied [and are,] therefore, the best proof of the Plaintiff's claim." Doc. Ent. 16 at 2. Also, plaintiff states that "[t]he best proof of the terms of the car loan would be the Defendant's file located at the dealership which was identified in the Defendant's response to the Plaintiff's Interrogatory No. 7." According to plaintiff, she also explained to defense counsel that "she would need to order the reports." Doc. Ent. 16 at 3.

On September 19, 2013, PNC filed a reply, arguing that "PNC's Motion should be granted because Plaintiff refuses to produce a copy of her credit report, even though she cannot dispute its relevancy and can point to no other reason why PNC is not entitled to its production." Doc. Ent. 19.[3]

---

[1] Attached to this motion are (A) PNC's First Set of Interrogatories and Requests for Production to Plaintiff, dated July 17, 2013 (Doc. Ent. 13-2) and (B) Plaintiff's Answers to Defendant's Interrogatories to Plaintiff (Nos. 1-9), dated August 20, 2013 (Doc. Ent. 13-3). *See* Doc. Ent. 13-1 (Index of Exhibits).

[2] Attached to the response are (A) Direct Loans Parent Plus Loan Denial, dated July 17, 2012 (Doc. Ent. 16-2 at 2-4); (B) Direct Loans Appeal of Parent Plus Loan Denial, dated July 28, 2011 (Doc. Ent. 16-2 at 5-6); and (C) Denial of Appeal of Parent Plus Loan Denial, dated July 28, 2011 (Doc. Ent. 16-2 at 7-9). *See* Doc. Ent. 16-1 (Index of Exhibits).

[3] Attached to this reply is the September 19, 2013 affidavit of Bethany G. Stawasz, defense counsel. Doc. Ent. 19-1.

**2.**     Also before the Court is plaintiff's August 30, 2013 motion to compel discovery.  Doc. Ent. 15.  Plaintiff contends that Interrogatory Nos. 1-9 and 10-11[4] "are needed to prove her home was sold illegally, her home was wrongfully foreclosed, PNC practiced unsafe and unsound mortgage servicing and foreclosure practices."  Doc. Ent. 15 at 2-3.  Then, as to PNC's responses to Interrogatories Nos. 10-11, plaintiff alleges that PNC has not complied with E.D. Mich. LR 26.4(a) ("Motions for Protective Orders."), Subsection (1).  Doc. Ent. 15 at 2.  In the end, plaintiff requests that the Court "order Defendant[] to produce any and all documents or responses in Defendant's custody or control relating [to] the Plaintiff's Discovery Request."  Doc. Ent. 15 at 3.

On September 13, 2013, PNC filed a response.  Doc. Ent. 17.  PNC explains that, on July 29, 2013, it "provided Plaintiff with over 100 pages of documents in response to her first set of discovery requests[,]"[5] and, on August 26, 2013, it "served its responses to Plaintiff's second set of discovery requests[.]"  Doc. Ent. 17 at 7.  Specifically, PNC argues that (A) "Each of Plaintiff's requests seeks information and documents entirely irrelevant to the claims and defenses at issue in this litigation[;]" (B) "Interrogatories Nos. 2, 3, 5, and 10 seek information and documents protected by the work product and/or attorney-client privileges[;]" and (C) "Interrogatories Nos. 6 and 7 seek information protected by the bank examination privilege."  Doc. Ent. 17 at 8-12.

---

[4]Attached to her motion are (1) PNC's July 23, 2013 Answers to Plaintiff's Interrogatories to Defendant (Nos. 1-9) (Doc. Ent. 15 at 6-14) and (2) PNC's August 26, 2013 Answers to Plaintiff's Interrogatories to Defendant (Nos. 10-11) (Doc. Ent. 15 at 15-20).

[5]Attached to PNC's response is a July 29, 2013 letter from defense counsel which accompanied "documents produced in connection with [plaintiff's] first set of discovery requests[.]" Doc. Ent. 17-1.

**B.     Discussion**

Originally, these motions were to be determined without oral argument. *See* Doc. Ent. 14, Doc. Ent. 18. However, on September 30, 2013, a hearing on both motions was noticed for October 17, 2013. Doc. Ent. 21.

On the date set for hearing, plaintiff Lanette K. Davis appeared on her own behalf and attorney Bethany G. Stawasz appeared on behalf of defendant PNC. I spoke with the parties off the record. At that time, plaintiff allowed defense counsel to view, and the Court copied for defense counsel, plaintiff's credit report.

Also, with respect to PNC's answers to plaintiff's Interrogatory Nos. 1-9 (Doc. Ent. 15 at 6-14) and 10-11 (Doc. Ent. 15 at 15-19), which are the subject of plaintiff's August 30, 2013 motion to compel discovery (Doc. Ent. 15), defense counsel agreed that she would file an affidavit addressing the items in dispute, such as documents allegedly protected by the work product doctrine, the attorney-client privilege or the Independent Foreclosure Review (IFR) / bank examination privilege.

**C.     Order**

Accordingly, PNC's August 30, 2013 motion for order prohibiting plaintiff from supporting claims, or, in the alternative, compelling production of document (Doc. Ent. 13) is DEEMED RESOLVED to the extent it sought the production of plaintiff's credit report but is otherwise DENIED.

Furthermore, plaintiff's August 30, 2013 motion to compel discovery (Doc. Ent. 15) is HELD IN ABEYANCE. In the meantime, no later than Friday, October 25, 2013, defense counsel SHALL file an affidavit regarding the items in dispute. Upon receipt of such affidavit,

4

plaintiff SHALL have five (5) days within which to contact the Court and request a deadline to respond to the affidavit. Thereafter, the Court will issue its ruling.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).


Dated: October 17, 2013         s/Paul J. Komives
                                PAUL J. KOMIVES
                                UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 17, 2013, electronically and/or by U.S. Mail.

                                s/Michael Williams
                                Case Manager to the
                                Honorable R. Steven Whalen